Dear Mr. Waitz:
Reference is made to your request for an Attorney General's Opinion regarding your office's legal representation of the Houma Terrebonne Housing Authority (the "Authority"). According to your correspondence, the Authority's previous counsel resigned, leaving the Authority without representation. By unanimous vote, the Authority's governing board has agreed, with your consent, to hire your office as the Authority's legal counsel. Your office has agreed to act as the Authority's counsel at a lower rate than the rate previously provided, thus saving money for the tax payers of your area.
Specifically, you seek the opinion of this office as to whether or not it is permissible for the Authority to hire the Terrebonne District Attorney's Office as its legal counsel.
In order to properly respond to your request, this office must first determine whether or not your office is required by law to represent the Authority. In this regard, we note that LSA-R.S.16:2 and LSA-R.S. 42:261(A) provide with respect to the duty of District Attorneys to represent public entities. LSA-R.S. 16:2
provides:
 "The district attorneys of the several judicial districts of Louisiana, other than the Parish of Orleans, shall ex officio be the regular attorneys and counsel for the police juries, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, including levee boards, hospital and asylum boards, education boards, and all state boards and commissions the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except state boards and commissions domiciled at the city of Baton Rouge, parish of East Baton Rouge, and all other boards in charge of in control of state institutions."
LSA-R.S. 42:261(A) provides:
 "Except as provided by Subsection C of this Section or as otherwise provided by law, the district attorneys of the several judicial districts other than the parish of Orleans shall, ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions."
In the opinion of this office, you are not required to provide legal representation to the Authority, as housing authorities do not fall within the types of entities and offices listed in LSA-R.S. 16:2 or LSA-R.S. 42:263(A). In accord: Attorney General's Opinion No. 77:1147. Rather, housing authorities are considered to be political subdivisions of the state, as provided in LSA-R.S. 40:384(16), which states:
 "Local housing authority' or `authority' means a public body, corporate and politic, previously established, or to be established, by a municipality or a parish pursuant to the authority provided in this Chapter, exercising necessary and essential governmental functions for the purposes stated in this Chapter in matters of statewide concern, although its operations are local in nature. It is a political subdivision of this state, independent from the municipality or parish which established or establishes it or which may appoint some or all of its commissioners. Any reference in this Chapter to a local housing authority shall also be deemed to include a "housing authority" or a "regional or consolidated housing authority" unless the context clearly otherwise requires. "Local housing authority" also includes any housing authority established under prior law."
We also call your attention to the decision rendered inDepartment of State Civil Service v. Housing Authority of EastBaton Rouge, #95CA1959, (La.App. 1st Cir 1996), which determined public housing authorities to be instrumentalities of the state for purposes of La. Const. Art. X, Sec. 1, which governs civil service systems. See also: Attorney Generals Opinions Nos. 03-0082, 98-473 and 96-149.
Because your office is not required to provide legal representation to the Authority, it is our opinion that you may contract with the Authority to do so. In the opinion of this office, a District Attorney may agree to provide legal representation to public entities he is not required by law to represent, and to receive reasonable compensation therefore. In this regard we call your attention to certain previous opinions of this office, all of which reached this same conclusion: Attorney General's Opinions Nos. 97-125, 85-782, 78-1639 and 77-1147. Of particular interest to you would be Opinion No. 97-125, which was addressed to you on April 22, 1997. As you no doubt recall, that opinion determined that your office could enter into an agreement to provide legal representation to the Southern Terrebonne Tidewater District, a local political subdivision your office was not statutorily required to represent.
We trust the foregoing to be of assistance. Please do hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General.
 BY: ___________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General